[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Statewide Grievance Committee has filed the instant presentment[1] seeking disciplinary action against the respondent, Martin H. Frimberger, for alleged violations
Sec. 2-47. Presentment and Unauthorized Practice of LawPetitions
(a) Presentment of attorneys for misconduct, whether or not the misconduct occurred in the actual presence of the court, shall be made by written complaint of the statewide grievance committee or a reviewing committee. Service of the complaint shall be made as in civil actions. Any interim proceedings to the contrary notwithstanding, a hearing on the merits of the complaint shall be held within sixty days of the date the complaint was filed with the court. At such hearing, the respondent shall have the right to be heard in his or her own defense and by witnesses and counsel. After such hearing the court shall render a judgment dismissing the complaint or imposing discipline as follows: reprimand, suspension for a period of time, disbarment or such other discipline as the court deems appropriate. Unless otherwise ordered by the court, such complaints shall be prosecuted by the statewide bar counsel, an assistant bar counsel or an attorney appointed pursuant to Section 2-48.
(b) The sole issue to be determined in a disciplinary proceeding predicated upon conviction of a felony shall be the extent of the final discipline to be imposed. of Rules 4.3[2]
and 8.4(1) and (3)[3] of the Rules of Professional Conduct. The Committee alleges that Mr. Frimberger, a member of the Connecticut Bar and now a real estate broker who has been living in Florida and has not practiced law for some 10 years, violated the above rules by first, not advising one Rachel Klein that she should have an attorney in her dealings with him and second, by taking advantage of her in
Rule 4.3. Dealing with Unrepresented Person
CT Page 4729
In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested, when the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter. The lawyer shall make reasonable efforts to correct the misunderstanding.
Rule 8.4. Misconduct
It is professional misconduct for a lawyer to:
(1) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(2) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(4) Engage in conduct that is prejudicial to the administration of justice;
(5) State or imply an ability to influence improperly a government agency or official; or
(6) Knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law. real estate dealings. The complainant in this case is Ms. Klein's niece, Carol Agria of Stratford, Connecticut. Ms. Agria was the only person who testified at the hearing before this court. The respondent's communication with the applicant's counsel along with some letters from Ms. Klein were also introduced as exhibits. Ms. Agria complains that Mr. Frimberger took advantage of her aunt by inducing her to convey her condominium to him with favorable terms and without proper security. The evidence indicates that Ms. Klein transferred her condominium, allegedly worth $350,000.00, to Mr. Frimberger by his assuming a $100,000.00 mortgage, giving her a $200,000.00 unsecured note and a two year rent free lease worth allegedly $2,000.00 per month. There was also an indication that Ms. Klein was going to move in with Mr. Frimberger and his children.
The only statement of Ms. Klein is a letter written by her CT Page 4730 which, inter alia, states the details of the transfer including a comment that Mr. Frimberger advised her to take a mortgage on the $200,000.00. The letter is dated twice, both before and after the transfer. The deed reflects that Mr. Frimberger is assuming a mortgage of $100,000.00 to Southwest Bank and the evidence includes a copy of the $200,000.00 installment note and the two year lease. Finally, the evidence also includes both a January (undated), 1996 power of attorney from Ms. Klein to her niece as well as an April 9, 1998 power of attorney to Mr. Frimberger. It appears that, notwithstanding the initial conveyance and lease agreement, the property was to be reconveyed to Ms. Klein.
This court was further advised that the State of Florida had commenced an investigation against the respondent. The applicant, however, submitted a letter dated October 7, 1999, from the Florida Department of Children and Families in which it is reported that the investigation was "closed without classification."[4] A second letter dated January 19, 2000, supplied by Mr. Frimberger, was introduced after the hearing by the applicant indicating that the Florida Department of Children and Families, after further investigation, had reclassified the matter "unfounded".
 II.
The Committee has the burden of proving the allegations of the complaint by clear and convincing evidence. See StatewideGrievance Committee v. Whitney, 227 Conn. 829, 838, 633 A.2d 296
(1993). This standard requires a "degree of belief that lies between the belief that is required to find the truth or existence of the issuable fact in an ordinary civil action and the fact that is required to find guilt in a criminal prosecution." Lopinto v. Haines, 185 Conn. 527, 534, 441 A.2d 151
(1981). The facts of this case require a finding by this court that the Committee has failed to meet that higher standard of proof.
The applicant first alleges that Mr. Frimberger violated Rule 4.3 by not advising Ms. Klein to retain an attorney. This court received no evidence on this issue. Yet, it notes that the correspondence from Mr. Frimberger states that shortly after the subject conveyance, Ms. Klein's local attorney, Karen Larson, prepared the above referenced power of attorney. This court finds that this allegation was surely not proved by clear and convincing evidence. CT Page 4731
The second claim is that Mr. Frimberger violated subsections (1) and (3) of Rule 8.4 by using his position of trust and reliance to obtain the condominium on highly favorable terms and without proper security. These allegations have likewise not been proven. First, the evidence seemingly indicates that the consideration was not inappropriate: the assumption of a $100,000.00 first mortgage, the giving of a $200,000.00 note and, finally, the offering of a two year lease allegedly valued at $48,000.00 for a property worth $350,000.00. While the unsecured mortgage is surely suspect, the only evidence on the issue is from Ms. Klein and Mr. Frimberger. She writes that she does not want it secured, and he states that he advised her to take a mortgage. There is no evidence that Ms. Klein was infirm and thus, in light of the only evidence presented to this court, this court cannot conclude that there is a violation of these rules.[5] Accordingly, it is the decision of this court that the presentment be dismissed.
Berger, J.